## CLEVELAND REFRIGERATOR CO v COHEN

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10784. Decided Sept. 29, 1930

T. J. Coleman and Edward David, both of Cleveland, for Refrigerator Co.

Morgenstern & Morgenstern, Cleveland, for Cohen.

**VICKERY, PJ.**

Now arises a rather queer situation. I think this record shows that Estelle Mason had no interest in this store; that during the entire time Harry Mason was the owner and he really bought it and Estelle Mason gave the mortgage upon it for reasons that are not very creditable, for he frankly states on the witness stand that his credit was bad, and it was for the purpose of preventing his creditors from troubling him. One cannot read this record without coming to the conclusion that had the creditors of Harry Mason levied upon the property as that of Harry Mason,—the subterfuge being so thinly disguised as to the ownership in Estelle Mason,—they could have seized this property as Harry Mason's property, but that is aside from the question. Undoubtedly had the Refrigerator Company pursued its remedy on the chattel mortgage, Harry Mason would have been estopped from showing that this property belonged to the mortgagor Estelle Mason, and inasmuch as the second mortgage to Zingale and Mormino contained a provision that it was subject to a former mortgage of about Seven Hundred Dollars, they likewise would have been estopped, and one wonders why this remedy was not pursued. However the remedy the Refrigerator Company did pursue was the obtaining of a judgment upon the cognovit note of both Estelle and Harry Mason and, as already stated, the property was sold under execution issued on said judgment .

Now so far as the lien was concerned in this lawsuit, the lien of the Refrigerator Company as purchaser under that execution sale dated only from the seizing of the property under the execution. The mortgage had been abandoned.

One cannot help but come to the conclusion, after reading this record, that the title to this property was in Harry Mason and that he had the right to give the mortgage to Zingale and Marmino, and that that lien attached upon this property,—Harry Mason being in possession and running the business,—from the time of its being properly filed and recorded in the Recorder's office of Cuyahoga County, in which County the goods were situated. That being so, the lien of the second mortgage preceded the lien upon which this property was transferred to the Refrigerator Company, and as against the Refrigerator Company under its lien secured on a cognovit judgment, the mortgage lien asserted by Cohen as assignee of Zingale and Mormino was prior. That being so, Cohen would have the right to enforce his claim by taking possession of the property under his chattel mortgage. The chattel mortgage contained the usual provision which authorized the taking of possession, and it having been detained and kept from him by the Refrigerator Company who purchased it at the execution sale, as against its lien under that sale, Cohen as assignee of the second mortgage which had become the first mortgage from the manner in which this was handled, had undoubtedly the right to the possession of that property, and he had the right to judgment in his favor for its possession and damages for its detention, which the court found to be five cents.

In reviewing this whole record we can come to no other conclusion than that the judgment of the Municipal Court was right, and even though in this present instance it apparently works a hardship, yet somebody erred in a choice of remedies. A remedy was chosen which eliminated the mortgage, which placed it subsequent to the second mortgage for, as already stated, this record shows conclusively that Harry Mason and not Estelle Mason was the owner of this store.

The judgment of the court being right,—there being no error of law and it being in accordance with the evidence,—we can do nothing other than affirm the judgment.

Levine and Cline, JJ, concur.